# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DEBBIE HUMPHRIES,**

    Petitioner,

vs.                                                Case No. 4:05cv466-RH/WCS

**WARDEN M.L. RIVERA, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 224, doc. 1, and later paid the filing fee. The petition challenged a disciplinary report and proceeding while Petitioner was incarcerated in Tallahassee, which resulted in her placement in the special housing unit (the SHU) and loss of 27 days good conduct time.

Petitioner was directed to clarify her claims with additional allegations of fact and supporting documentation.  Doc. 7.  By the time the order to clarify was entered, Petitioner had been transferred to the Federal Medical Center (FMC) in Carswell, Texas.  Doc. 7, p. 2.  Petitioner filed a response to the order for clarification.  Doc. 8.

Copies of the petition, order to clarify, and response to order were served on counsel for the Government, who was directed to respond.  Doc. 10.  Petitioner was given time to file a reply but not required to do so.  Docs. 10 and 13.

The Government filed an answer, arguing *inter alia* that venue is inappropriate in light of Petitioner's transfer to FMC Carswell, that the proper Respondent is the Warden at FMC Carswell, and this court lacks jurisdiction over the Warden there.  Doc. 15, pp. 3-4.  The Government also set forth the facts, and argued that there was no constitutional violation.  *Id.*, pp. 5-11.  Petitioner did not file a reply.

According to the Inmate Locator of the Bureau of Prisons (BOP) (available on the BOP's website), Petitioner was released on February 2, 2007.  Petitioner has not notified the court of her new address.  Moreover, her claim for restoration of lost good time is now moot.  *See, e.g.*, Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (habeas corpus challenge to parole revocation was mooted by release as there was no continuing controversy); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (state prisoner's challenge to calculation of gain time credits was mooted by release; prisoner challenged length rather than fact of confinement, and the length of confinement would have no collateral consequences).  Petitioner's claim regarding placement in administrative detention is also clearly mooted by release from custody.  *See also* doc. 15, p. 3 (asserting this claim was moot upon transfer to FMC Carswell, as Petitioner was no longer in administrative detention there).  Any other claims, such as expunging the disciplinary report or having a notation made in the record of the investigating officer, are not cognizable in habeas corpus.  *Id.*, pp. 2-3.

It is therefore respectfully **RECOMMENDED** that this § 2241 petition, challenging the loss of good time following disciplinary proceedings, be **DISMISSED, WITHOUT PREJUDICE, AS MOOT**.

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2007.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.